UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RENNIE SOMAR,                                                    Case No. 24-CV-8637

                                Plaintiff,

        -  against  -                                           **ANSWER TO
                                                                AMENDED COMPLAINT**

SOLAR MOSAIC, LLC and NYS ESSENTIAL
POWER, INC.,

and

MATTHEW DRATEL,

                                Defendants.
-----------------------------------------------------------------X

        Defendant, NYS Essential Power Inc. ("Defendant"), by and through their attorneys,

Schwartz Ettenger, PLLC, as and for their Answer to Plaintiff's Complaint, states as follows:

        1.      The Defendant can neither admit nor deny the allegations set forth in Paragraph "1"

of the Complaint, as Plaintiff asserts no allegations of fact.

        2.      The Defendant denies the allegations set forth in Paragraph "2" of the Complaint,

except admits that it hires third-parties to solicit customers relative to solar panels.

        3.      The Defendant can neither admit nor deny the allegations set forth in Paragraph "3"

of the Complaint, as Plaintiff asserts no allegations of fact.  To the extent that there are allegations

of fact, Defendant refers all questions of law to the Court for the time of trial.

        4.      The Defendant denies knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph "4" of Plaintiff's Complaint.  To the extent allegations concern

Defendant's wrongdoing or knowledge of these facts, Defendant denies the allegations herein.

5. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "5" of Plaintiff's Complaint. To the extent allegations concern Defendant's wrongdoing or knowledge of these facts, Defendant denies the allegations herein.

6. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "6" of Plaintiff's Complaint.

7. The Defendant denies the allegations contained in Paragraph "7" of the Complaint.

## JURISDICTION AND VENUE

8. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "8" of Plaintiff's Complaint and leave all questions of law for the Court for the time of trial.

9. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "9" of Plaintiff's Complaint and leave all questions of law for the Court for the time of trial.

10. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "10" of Plaintiff's Complaint and leave all questions of law for the Court for the time of trial.

## THE PARTIES

11. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's Complaint.

12. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "12" of Plaintiff's Complaint.

13. The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "13" of Plaintiff's Complaint.

14.     The Defendant admits the allegations contained in Paragraph "14" of Plaintiff's Complaint.

15.     The Defendant denies the allegations contained in Paragraph "15" of the Complaint, except admit that this Defendant engaged in business practices of this nature.

16.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "16" of Plaintiff's Complaint.

17.     The Defendant denies the allegations contained in Paragraph "17" of the Complaint, except admits that Dratel was an independent salesman that was selling solar services.

18.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "18" of Plaintiff's Complaint.

19.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "19", except admits that it utilizes third-party contractors to assist in securing solar panel agreements.

20.     The Defendant denies the allegations contained in Paragraph "20" of the Complaint.

21.     The Defendant denies the allegations contained in Paragraph "21" of the Complaint, except admits that the independent agent was acting to sell products utilized by Defendant.

22.     The Defendant denies the allegations contained in Paragraph "22" of the Complaint.

23.     The Defendant denies the allegations contained in Paragraph "23" of the Complaint, except admits there was some business benefit to these contracts.

## STATEMENT OF CLAIM

25.    The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "25" of Plaintiff's Complaint.

26.    The Defendant denies the allegations contained in Paragraph "26" of Plaintiff's Complaint, except admit that Dratel was an independent agent that solicited customers to solar panel business on behalf of Defendant.

27.    The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "27" of Plaintiff's Complaint but specifically denies any wrongdoing.

28.    The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "28" of Plaintiff's Complaint, but specifically denies any wrongdoing.

29.    The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "29" of Plaintiff's Complaint, but specifically denies any wrongdoing.

30.    The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "30" of Plaintiff's Complaint, but specifically denies any wrongdoing.

31.    The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "31" of Plaintiff's Complaint, but specifically denies any wrongdoing.

32.    The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "32" of Plaintiff's Complaint, but specifically denies any wrongdoing.

33.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "33" of Plaintiff's Complaint, but specifically denies any wrongdoing.

34.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "34" of Plaintiff's Complaint, but specifically denies any wrongdoing.

35.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "35" of Plaintiff's Complaint, but specifically denies any wrongdoing.

36.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "36" of Plaintiff's Complaint, but specifically denies any wrongdoing.

37.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "37" of Plaintiff's Complaint. but specifically denies any wrongdoing.

38.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "38" of Plaintiff's Complaint, but specifically denies any wrongdoing.

39.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "39" of Plaintiff's Complaint, but specifically denies any wrongdoing.

40.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "40" of Plaintiff's Complaint, but specifically denies any wrongdoing.

41.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "41" of Plaintiff's Complaint, but specifically denies any wrongdoing.

42.     The Defendant denies the allegations contained in Paragraph "42" of Plaintiff's Complaint.

43.     The Defendant denies the allegations contained in Paragraph "43" of Plaintiff's Complaint.

44.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "44" of Plaintiff's Complaint

45.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "45" of Plaintiff's Complaint

46.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "46" of Plaintiff's Complaint

47.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "47" of Plaintiff's Complaint

48.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "48" of Plaintiff's Complaint

49.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "49" of Plaintiff's Complaint

50.     The Defendant denies the allegations contained in Paragraph "50" of the Complaint.

51.     The Defendant denies the allegations contained in Paragraph "51" of the Complaint.

52.     The Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "52" of Plaintiff's Complaint, but specifically denies that it placed a lien on Plaintiff's home.

53.     The Defendant denies the allegations contained in Paragraph "53" of the Complaint.

## AS AND FOR A FIRST COUNT
## TRUTH IN LENDING ACT

54.     The Defendant repeats and realleges all the statements made in Paragraphs "1" through "53" in response to Paragraph "54" of the Complaint.

55.     The Defendant can neither admit nor deny the allegations set forth in Paragraph "55" of the Complaint, as Plaintiff asserts no allegations of fact.

56.     The Defendant can neither admit nor deny the allegations set forth in Paragraph "56" of the Complaint, as Plaintiff asserts no allegations of fact.

57.     The Defendant can neither admit nor deny the allegations set forth in Paragraph "57" of the Complaint, as Plaintiff asserts no allegations of fact.

58.     The Defendant can neither admit nor deny the allegations set forth in Paragraph "58" of the Complaint, as Plaintiff asserts no allegations of fact.

59.     The Defendant admits the allegations contained in Paragraph "59" of the Complaint.

## AS AND FOR A SECOND COUNT
## NEW YORK GENERAL BUSINESS LAW SECTION 349

60.     The Defendant repeats and realleges all the statements made in Paragraphs "1" through "59" in response to Paragraph "60" of the Complaint.

61.     The Defendant can neither admit nor deny the allegations set forth in Paragraph "61" of the Complaint, as Plaintiff asserts no allegations of fact.

62.     The Defendant can neither admit nor deny the allegations set forth in Paragraph "62" of the Complaint, as Plaintiff asserts no allegations of fact.

63.     The Defendant can neither admit nor deny the allegations set forth in Paragraph "63" of the Complaint, as Plaintiff asserts no allegations of fact.

64.     The Defendant denies the allegations contained in Paragraph "64" of the Complaint.

65.     The Defendant denies the allegations contained in Paragraph "65" of the Complaint.

66.     The Defendant denies the allegations contained in Paragraph "66" of the Complaint.

67.     The Defendant denies the allegations contained in Paragraph "67" of the Complaint.

68.     The Defendant denies the allegations contained in Paragraph "68" of the Complaint.

69.     The Defendant denies the allegations contained in Paragraph "69" of the Complaint.

70.     The Defendant denies the allegations contained in Paragraph "70" of the Complaint.

71.     The Defendant denies the allegations contained in Paragraph "71" of the Complaint.

72.     The Defendant denies the allegations contained in Paragraph "72" of the Complaint.

73.    The Defendant denies the allegations contained in Paragraph "73" of the Complaint.

74.    The Defendant denies the allegations contained in Paragraph "74" of the Complaint.

## AS AND FOR A THIRD COUNT
## NY GEN. BUS. LAW SECTION 770

75.    The Defendant repeats and realleges all the statements made in Paragraphs "1" through "74" in response to Paragraph "75" of Plaintiff's Complaint.

76.    The Defendant admits the allegations contained in Paragraph "76" of Plaintiff's Complaint.

77.    The Defendant cannot admit nor deny these allegations contained in Paragraph "77" of the Complaint as all questions of law will be determined by the Court at the time of trial.

78.    The Defendant can neither admit nor deny the allegations set forth in Paragraph "78" of the Complaint, as Plaintiff asserts no allegations of fact.

79.    The Defendant denies the allegations contained in Paragraph "79" of the Complaint.

80.    The Defendant denies the allegations contained in Paragraph "80" of the Complaint.

81.    The Defendant denies the allegations contained in Paragraph "81" of the Complaint.

82.    The Defendant denies the allegations contained in Paragraph "82" of the Complaint.

83.    The Defendant denies the allegations contained in Paragraph "83" of the Complaint.

84.    The Defendant denies the allegations contained in Paragraph "84" of the Complaint.

85.    The Defendant denies the allegations contained in Paragraph "85" of the Complaint.

86.    The Defendant denies the allegations contained in Paragraph "86" of the Complaint.

87.    The Defendant denies the allegations contained in Paragraph "87" of the Complaint.

## AS AND FOR A FOURTH COUNT

88.    The Defendant repeats and realleges all the statements made in Paragraphs "1" through "87" in response to Paragraph "88" of the Complaint.

89.    The Defendant denies the allegations contained in Paragraph "89" of the Complaint.

90.    The Defendant denies the allegations contained in Paragraph "90" of the Complaint.

91.    The Defendant denies the allegations contained in Paragraph "91" of the Complaint.

92.    The Defendant denies the allegations contained in Paragraph "92" of the Complaint.

## AS AND FOR A FIFTH COUNT

93.    The Defendant repeats and realleges all the statements made in Paragraphs "1" through "92" in response to Paragraph "93" of the Complaint.

94.    The Defendant can neither admit nor deny the allegations set forth in Paragraph "94" of the Complaint, as Plaintiff asserts no allegations of fact.

95.    The Defendant denies the allegations contained in Paragraph "95" of the Complaint.

96.    The Defendant denies the allegations contained in Paragraph "96" of the Complaint.

97.    The Defendant denies the allegations contained in Paragraph "97" of the Complaint.

98.    The Defendant denies the allegations contained in Paragraph "98" of the Complaint.

## AS AND FOR A SIXTH COUNT

99.    The Defendant repeats and realleges all the statements made in Paragraphs "1" through "98" in response to Paragraph "99" of the Complaint.

100.    The Defendant denies the allegations contained in Paragraph "100" of the Complaint.

101.    The Defendant denies the allegations contained in Paragraph "101" of the Complaint.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT MATTHEW DRATEL

1.    Upon information and belief, that if and in the event Plaintiff sustained the damages complained of, such damages were caused, in whole or in part, by reason of the culpable conduct and breach of contract of the co-defendants, Matthew Dratel.

-11-

2.      By reason of the foregoing, in the event that any judgment or verdict is recovered against this Answering Defendant, Answering Defendant is entitled to full indemnity and/or contribution from, and to the judgment over and against co-defendant, Matthew Dratel, equal to the proportionate share of responsibility as is adjudged between the Defendants.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT MATTHEW DRATEL

1.      Upon information and belief, if and in the event, Plaintiff sustained the damages complained of, such damages were caused in whole or in part by reason of the wrongful conduct of the co-defendant, Matthew Dratel, there being no active or primary wrongdoing on the part of these Answering Defendants contributing thereto.

2.      By reason of the foregoing, the Answering Defendant is entitled to full indemnity and/or contribution from, and to judgment over and against co-defendant, Matthew Dratel for all or part of any verdict or judgment which Plaintiff may recover against these Answering Defendants.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT MATTHEW DRATEL

1.      If the Plaintiff sustained damages in the manner alleged, then said damages were caused entirely by reason of the breach of contract, breach of warranty, breach of duty, violation of statute, and other culpable acts of co-defendant, MATTHEW DRATEL, with no active or primary wrongdoing or other culpable conduct on the part of these Answering Defendant contributing thereto.

2.      By reason of the foregoing, these Answering Defendant is entitled to full common law and contractual indemnification and contribution from, and to judgment over and against co-defendant, Matthew Dratel, including attorneys' fees and costs.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.      Some or all of the claims made in the Subject Complaint fail to set forth a claim for which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff is not entitled to damages, to the extent they failed to mitigate their alleged damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of the Answering Defendant, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiff, or others, which contributed to and proximately caused any such injury, damage or loss.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.      The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of waiver.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      The Subject Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiff had unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by judicial, equitable and/or collateral estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.      The Subject Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of laches.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.      To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award received here for the same injury.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff is entitled to a jury trial only as to those issues for which a jury trial is permitted by the applicable statutes, regulations and ordinances.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

10.      Answering Defendant reserves the right to assert additional Affirmative Defenses as this matter progresses.

WHEREFORE, Answering Defendant, respectfully prays for judgment as follows:

a.      Dismissing the Complaint in its entirety, with prejudice;

         b.     Awarding the Answering Defendant the costs and disbursements of

                this action; and

         c.     Such other and further relief as this Court deems just, equitable and

                proper.

Dated:  Melville, New York
        March 17, 2025

                                   _____
                                   JEFFREY S. ETTENGER, ESQ.
                                   SCHWARTZ ETTENGER, PLLC
                                   *Attorneys for Defendant*
                                   *NYS Essential Power Inc.*
                                   445 Broad Hollow Road, Suite 205
                                   Melville, New York 11747
                                   (631) 777-2401

To:    All Parties

I:\nys essential power, inc\somar\answer to amended complaint.docx