UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENNIE SOMAR,<br><br>                    Plaintiff,<br><br>         -against-<br><br>SOLAR MOSIAC, LLC, NYS ESSENTIAL POWER INC., and MATTHEW DRATEL,<br><br>                    Defendants. | Case No.: 1:24-cv-08637-VEC |

### SOLAR MOSAIC LLC'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Solar Mosaic LLC ("Mosaic") answers the First Amended Complaint ("Complaint") by Plaintiff Rennie Somar as follows:

1.     In response to paragraph 1, Mosaic admits that Plaintiff has brought an action for damages under the federal Truth in Lending Act, Fair Credit Reporting Act, and the Credit Repair Organizations Act, but denies that it violated any law.

2.     As to Defendants NYS Essential Power Inc. ("NYS") and Matthew Dratel ("Dratel"), Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 2 and on that basis denies them.  Mosaic denies the allegations in paragraph 2 to the extent they apply to Mosaic.

3.     In response to paragraph 3, Mosaic does not respond to the legal conclusions as no response is required.

4.     Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 4 and on that basis denies them.  Mosaic denies the allegations in paragraph 4 to the extent they apply to Mosaic.

5. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 5 and on that basis denies them. Mosaic denies the allegations in paragraph 5 to the extent they apply to Mosaic.

6. Mosaic admits that it did not cancel Plaintiff's loan prior to this lawsuit, but lacks sufficient information or knowledge regarding the remaining allegations of paragraph 6 and on that basis denies them.

7. Mosaic admits that Plaintiff brings this action for damages, rescission and other relief but denies that Plaintiff is entitled to any relief.

8. In paragraph 8, Plaintiff alleges legal conclusions about jurisdiction for which no response is required.

9. In paragraph 9, Plaintiff alleges legal conclusions about jurisdiction for which no response is required.

10. In paragraph 10, Plaintiff alleges legal conclusions about venue for which no response is required. Mosaic denies that it engaged in unlawful conduct.

11. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 11 and on that basis denies them.

12. Mosaic denies that it is a California limited liability corporation. It is a Delaware limited liability corporation. Mosaic admits that its principal address is 601 12th Street, Suite 325, Oakland, California 94607.

13. Mosaic admits the allegations of paragraph 13 partially describe some of Mosaic's business.

14. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 14 and on that basis denies them.

15. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 15 and on that basis denies them.

16. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 16 and on that basis denies them.

17. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 17 and on that basis denies them.

18. Mosaic admits the allegations of paragraph 18 partially describe some of Mosaic's business arrangements.

19. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 19 and on that basis denies them.

20. As to Mosaic, Mosaic denies the allegations of paragraph 20.  As to NYS and Dratel, Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 20 and on that basis denies them.

21. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 21 and on that basis denies them.  Mosaic denies the allegations of paragraph 21 to the extent they apply to Mosaic.

22. Mosaic denies the allegations of paragraph 22.

23. Mosaic denies the allegations of paragraph 23.

25. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 25 and on that basis denies them.

26. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 26 and on that basis denies them.

27. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 27 and on that basis denies them.

28. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 28 and on that basis denies them.

29. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 29 and on that basis denies them.

30. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 30 and on that basis denies them.

31. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 31 and on that basis denies them.

32. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 32 and on that basis denies them.

33. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 33 and on that basis denies them.  Mosaic denies the allegations of paragraph 33 to the extent they apply to Mosaic.

34. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 34 and on that basis denies them.  Mosaic denies the allegations of paragraph 34 to the extent they apply to Mosaic.

35. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 35 and on that basis denies them.

36. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 36 and on that basis denies them.

37. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 37 and on that basis denies them.

38. Mosaic admits the loan agreement was for a loan with a total payment of $196,457.85 at 10.84% APR.  Mosaic lacks sufficient information or knowledge regarding the remaining allegations of paragraph 38 and on that basis denies them.

39. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 39 and on that basis denies them.

40. Mosaic admits Plaintiff attempted to cancel the loan agreement, but lacks sufficient information or knowledge regarding the remaining allegations of paragraph 40 and on that basis denies them.

41. Mosaic admits that it did not cancel the loan agreement prior to the filing of the Complaint.

42. Mosaic denies that it continues to deem Plaintiff bound by the Loan Agreement. Mosaic lacks sufficient information or knowledge regarding the remaining allegations of paragraph 42 and on that basis denies them.

43. Mosaic denies the allegations of paragraph 43.

44. Mosaic denies the allegations of paragraph 44.

45. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 45 and on that basis denies them.

46. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 46 and on that basis denies them.

47. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 47 and on that basis denies them.

48. Mosaic admits that the Attorneys General of Tennessee and Kentucky have sued it, but denies the claims alleged and denies that it engaged in any unfair or deceptive conduct.

49. Mosaic denies the allegations of paragraph 49.

50. Mosaic denies the allegations of paragraph 50.

51. Mosaic denies the allegations of paragraph 51.

52. Mosaic denies the allegations of paragraph 52.

53. Mosaic denies the allegations of paragraph 53.

54. Though no response is required to paragraph 54, Mosaic incorporates its previous responses.

55. In paragraph 55, Plaintiff alleges legal conclusions for which no response is required.

56. In paragraph 56, Plaintiff alleges legal conclusions for which no response is required.

57. In paragraph 57, Plaintiff alleges legal conclusions for which no response is required.

58. In paragraph 58, Plaintiff alleges legal conclusions for which no response is required.

59. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 59 and on that basis denies them.

Regarding the WHEREFORE clause, Mosaic denies that Plaintiff is entitled to any relief in connection with the allegations set forth in the Complaint, including the relief sought in the WHEREFORE clause.

60. Though no response is required to paragraph 60, Mosaic incorporates its previous responses.

61. In paragraph 61, Plaintiff alleges legal conclusions for which no response is required.

62. In paragraph 62, Plaintiff alleges legal conclusions for which no response is required.

63. In paragraph 63, Plaintiff alleges legal conclusions for which no response is required.  Mosaic denies the factual allegations.

64. Mosaic denies the allegations of paragraph 64.

65. Mosaic denies the allegations of paragraph 65.

66. Mosaic denies the allegations of paragraph 66.

67. Mosaic denies the allegations of paragraph 67.

68. Mosaic denies the allegations of paragraph 68.

69. Mosaic denies the allegations of paragraph 69.

70. Mosaic denies the allegations of paragraph 70.

71. Mosaic denies the allegations of paragraph 71.

72. Mosaic denies the allegations of paragraph 72.

73. Mosaic denies the allegations of paragraph 73.

74. Mosaic denies the allegations of paragraph 74.

Regarding the WHEREFORE clause, Mosaic denies that Plaintiff is entitled to any relief in connection with the allegations set forth in the Complaint, including the relief sought in the WHEREFORE clause.

75. Though no response is required to paragraph 75, Mosaic incorporates its previous responses.

76. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 76 and on that basis denies them.

77. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 77 and on that basis denies them.

78. In paragraph 78, Plaintiff alleges legal conclusions for which no response is required.

79. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 79 and on that basis denies them.

80. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 80 and on that basis denies them.

81. In paragraph 81, Plaintiff alleges legal conclusions for which no response is required.

82. In paragraph 82, Plaintiff alleges legal conclusions for which no response is required.

83. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 83 and on that basis denies them.

84. Mosaic denies that it continues to deem Plaintiff bound by the Loan Agreement. Mosaic lacks sufficient information or knowledge regarding the remaining allegations of paragraph 84 and on that basis denies them.

85. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 85 and on that basis denies them.

86. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 86 and on that basis denies them.

87. Mosaic denies the allegations of paragraph 87 to the extent they apply to Mosaic. Mosaic lacks sufficient information or knowledge regarding the remaining allegations of paragraph 87 and on that basis denies them.

Regarding the WHEREFORE clause, Mosaic denies that Plaintiff is entitled to any relief in connection with the allegations set forth in the Complaint, including the relief sought in the WHEREFORE clause.

88. Though no response is required to paragraph 88, Mosaic incorporates its previous responses.

89. In paragraph 89, Plaintiff alleges legal conclusions for which no response is required. Mosaic denies the factual allegations.

90. Mosaic denies the allegations of paragraph 90.

91. In response to the allegations of paragraph 91, Mosaic denies that it engaged in intentional concealment or non-disclosure and denies that it continues to deem Plaintiff obligated under the Loan Agreement. As for the remaining allegations in paragraph 91, Mosaic lacks sufficient information or knowledge and on that basis denies them.

92. Mosaic denies the allegations of paragraph 92.

Regarding the WHEREFORE clause, Mosaic denies that Plaintiff is entitled to any relief in connection with the allegations set forth in the Complaint, including the relief sought in the WHEREFORE clause.

93. Though no response is required to paragraph 93, Mosaic incorporates its previous responses.

94. In paragraph 94, Plaintiff alleges legal conclusions for which no response is required. Mosaic denies the factual allegations.

95. Mosaic denies the allegations of paragraph 95.

96. Mosaic lacks sufficient information or knowledge regarding the allegations of paragraph 96 and on that basis denies them. Mosaic denies the allegations of paragraph 96 to the extent they apply to Mosaic.

97. Mosaic denies the allegations of paragraph 97.

98. Mosaic denies the allegations of paragraph 98.

Regarding the WHEREFORE clause, Mosaic denies that Plaintiff is entitled to any relief in connection with the allegations set forth in the Complaint, including the relief sought in the WHEREFORE clause.

99. Though no response is required to paragraph 99, Mosaic incorporates its previous responses.

100. Mosaic denies the allegations of paragraph 100.

101. Mosaic denies the allegations of paragraph 101.

Regarding the WHEREFORE clause, Mosaic denies that Plaintiff is entitled to any relief in connection with the allegations set forth in the Complaint, including the relief sought in the WHEREFORE clause.

## DEMAND FOR JURY TRIAL

Mosaic acknowledges Plaintiff demands a trial by jury but does not respond to Plaintiff's request for a jury trial.

**AFFIRMATIVE DEFENSES**

Without conceding that it has the burden of proof as to any of these matters, Mosaic asserts its affirmative defenses to the Complaint as follows, based on information, belief, and preliminary investigation, and to reserve rights and prevent any claim of waiver:

FIRST AFFIRMATIVE DEFENSE

Arbitration

1. Plaintiff's claims are subject to binding contractual arbitration. Plaintiff entered into a Loan Agreement with Mosaic, which includes an arbitration provision. By filing this Answer, Mosaic does not waive its right to seek to resolve this dispute in arbitration.

SECOND AFFIRMATIVE DEFENSE

FTC Holder Rule

2. To the extent that Plaintiff seeks to hold Mosaic liable for NYS Essential Power Inc. and Dratel's conduct under the FTC's Holder Rule, that rule, does not apply here as a matter of law. Moreover, any liability under this rule is limited, including by the following FTC regulation, which provides: "any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder." 16 C.F.R. § 433.2(a). Further, under relevant law Mosaic cannot be liable for attorneys' fees or punitive damages.

THIRD AFFIRMATIVE DEFENSE

Improper Venue

3. Plaintiff is barred from pursuing his claims in this Court because venue is improper with respect to Mosaic.

### FOURTH AFFIRMATIVE DEFENSE

### Failure to State a Cause Of Action

4. Plaintiff fails to state facts sufficient to constitute any cause of action.

### FIFTH AFFIRMATIVE DEFENSE

### Lack of Standing

5. Plaintiff has not suffered an injury in fact and otherwise lacks standing to bring his claims.

### SIXTH AFFIRMATIVE DEFENSE

### Fault of Third Parties

6. Third parties to this action caused or contributed to Plaintiff's damages.

### SEVENTH AFFIRMATIVE DEFENSE

### Statute of Limitations

7. The relevant statutes of limitations bar Plaintiff's claims in whole or in part.

### EIGHTH AFFIRMATIVE DEFENSE

### Permissible Purpose

8. Any credit report obtained from consumer reporting agencies was obtained and used for a permissible purpose allowed by law.

### NINTH AFFIRMATIVE DEFENSE

### Preemption

9. Plaintiff's claims are preempted including by the Federal Arbitration Act.

### TENTH AFFIRMATIVE DEFENSE

### No Knowing or Willful Conduct

10. Any conduct by Mosaic was not a knowing or willful violation of any statute.

ELEVENTH AFFIRMATIVE DEFENSE

Good Faith/Bona Fide Error Defense

11. At all times, Mosaic acted in good faith. Mosaic never intended to violate any law or to wrongfully cause any injury or loss to Plaintiff. Any violation of law was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

TWELFTH AFFIRMATIVE DEFENSE

No Vicarious Liability/Agency/Ratification

12. Mosaic did not commit any of the conduct alleged in the Complaint, and cannot be vicariously liable for any party or third parties who did. Neither NYS nor Dratel are agents of Mosaic and Mosaic never ratified any wrongful action, if any, by NYS, Dratel, or anyone else.

THIRTEENTH AFFIRMATIVE DEFENSE

Compliance with Law

13. Mosaic's conduct was prescribed by law, and Mosaic complied with that law. Mosaic is therefore shielded from liability.

FOURTEENTH AFFIRMATIVE DEFENSE

Offset

14. Any damage suffered by Plaintiff must be offset by any amounts he owes Mosaic.

FIFTEENTH AFFIRMATIVE DEFENSE

Estoppel

15. The doctrine of estoppel bars Plaintiff from recovering.

SIXTEENTH AFFIRMATIVE DEFENSE

Unclean Hands

16. The doctrine of unclean hands bars Plaintiff from recovering.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Laches

17. The doctrine of laches bars Plaintiff from recovering.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Waiver

18. The doctrine of waiver bars Plaintiff from recovering.

## NINETEENTH AFFIRMATIVE DEFENSE

### Fault of Plaintiff

19. Plaintiff, by his own conduct, caused or contributed to any damages he suffered.

## TWENTIETH AFFIRMATIVE DEFENSE

### No Proximate Cause

20. Mosaic did not proximately cause any damages, injury, or violation alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Indemnity/Contribution

21. Mosaic is informed and believes, and thereon alleges that it is entitled to a percentage contribution of any loss from the parties in this action in accordance with the principles of equitable indemnity and comparative contribution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Failure to Mitigate

22. Plaintiff has failed to mitigate any damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Consent

23. Plaintiff consented to the actions of which he now complains.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Privilege

24. Mosaic's actions were privileged, and thus shielded from liability.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Justification

25. Mosaic's actions were justified, and thus shielded from liability.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Lack of Duty

26. Mosaic owed no duty to Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### *De Minimis Harm*

27. The contribution of Mosaic to Plaintiff's alleged harm, if any, was *de minimus*.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Lack of Damages

28. Without admitting any wrongdoing whatsoever, Mosaic alleges that Plaintiff suffered no damages in connection with the purported causes of action alleged in the Complaint.

### **RESERVATION OF RIGHT TO AMEND**

Mosaic reserves the right to amend its answer to incorporate additional affirmative defenses at a later time.

### **PRAYER FOR RELIEF**

Mosaic prays for relief as follows:

1. That Plaintiff take nothing by reason of his Complaint;

2. That judgment be entered in Mosaic's favor;

3. That Mosaic be awarded its reasonable costs and, if applicable, fees; and

4. That Mosaic be awarded such other and further relief as this Court deems just and proper.

| | |
|---|---|
| DATED: March 21, 2025 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |

By: */s/Robert J. Guite*
Robert J. Guite, NY State Bar No. 6059141
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
rguite@sheppardmullin.com

*Attorneys for Defendants*
*SOLAR MOSAIC LLC*

CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, a copy of the foregoing was filed with the Court via paper copy and that a copy was served by placing it in the United States mail, postage pre-paid, and addressed to the following to the following:

Brian L. Bromberg
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, NY 11225
Tel: (212) 248-7906
Fax: (212) 248-7908
Email: brian@bromberglawoffice.com

Andrew M. Milz (to move for admission pro hac vice)
Flitter Milz, P.C.
450 N. Narberth Ave, Suite 101
Narberth PA 19072
Tel: (610) 668-0018
Fax: (610) 667-0552
Email: amilz@consumerslaw.com

/s/ Robert J. Guite
Robert J. Guite