IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENNIE SOMAR<br><br>                     Plaintiff,<br><br>          vs.<br><br>SOLAR MOSAIC, LLC, NYS ESSENTIAL POWER, INC., and MATTHEW DRATEL,<br><br>                     Defendants. | No. 1:24-cv-08637 VEC |

**AFFIDAVIT OF PLAINTIFF RENNIE SOMAR'S ATTORNEY, BRIAN L. BROMBERG, IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MATTHEW DRATEL**

I, Brian L. Bromberg, under penalties of perjury, swear that the following is true and correct:

1. I am the attorney for the Plaintiff Rennie Somar in the above-referenced action.

2. I am submitting this affidavit in support of Plaintiff's application for entry of a default judgment against Defendant Matthew Dratel.

3. Because of the appearances of defendants Solar Mosaic, LLC and NYS Essential Power, Inc., and because this action is still in its early stages and discovery has not yet been taken, an inquest or trial into damages would be premature. Damages will depend on information exchanged in discovery.

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, and has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Summons, Complaint, Service**

5. Plaintiff commenced this action on November 13, 2024.

1

6. On March 7, 2025, Plaintiff filed an Amended Complaint including Dratel as a defendant. ECF 32. A true and correct copy of the Amended Complaint is attached as Exhibit A.

7. The Amended Complaint seeks actual, statutory and punitive damages, injunctive relief, and civil penalties in response to violations of the Truth in Lending Act, Credit Repair Organizations Act and Fair Credit Reporting Act; for common-law fraudulent concealment and nondisclosure; and for violations of New York General Business Law § 349 which prohibits deceptive acts and practices.

8. In addition, the Amended Complaint seeks attorney fees and costs.

9. Defendant Dratel was properly served with copies of the Summons and Amended Complaint on March 20, 2025, by personal service. ECF 38. A true and correct copy of the Affidavit of Service is attached as Exhibit B.

10. At the time of service, Dratel was asked whether he was in the active military service and Dratel gave a negative reply.

11. I am attaching as Exhibit C a true and correct copy of the Clerk's Certificate of Default against Defendant Dratel. ECF 46.

12. My co-counsel, Andrew M. Milz, has attempted to contact Defendant Dratel, including the aforementioned service of the Amended Complaint, by sending by regular first-class mail an April 23, 2025 letter advising of Plaintiff's intent to seek a default should Defendant Dratel not respond to the Amended Complaint within ten (10) days. A true and correct copy of the April 23, 2025 letter is attached as Exhibit D.

13. The April 23, 2025 letter was mailed to Defendant Dratel's known address of 305 Branch Avenue, Freeport, NY 11520, which bore adequate postage, bore my return address, and have not been returned as undeliverable.

14. Despite my attempt, Defendant Dratel has not answered or otherwise responded to the Amended Complaint.

15. The other defendants in this action, Solar Mosaic, LLC and NYS Essential Power Inc., have appeared by counsel and both have filed answers to the Amended Complaint.

**Entitlement to Default**

16. Given the failure of Defendant Dratel to answer the Amended Complaint by April 10, 2025, or any time thereafter, a default judgment should be entered against him. Fed. R. Civ. P. 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b) provides that the Court may then enter a default judgment. Local Civil Rule 55.2 states that the party seeking the default judgment must submit "(1) an affidavit showing the Clerk's certificate of default, swearing the party seeking default judgment has complied with the Servicemembers Civil Relief Act, and that the party against whom a default is sought is not a minor or incompetent person; (2) a motion for default and supporting memorandum of law, and a proposed judgment to be entered; and (3) a certificate of service stating that all documents supporting the request for default judgment, including the Clerk's Certificate of Default have been personally served on, or mailed to the last known residence, the party against whom default judgment is sought.

17. Dispositions of motions for default judgment are left to the sound discretion of the district court. *Shah v. New York State Department of Civil Service,* 168 F.3d 610, 615 (2d Cir. 1999).

18. In civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party. *See* Fed. R. Civ. P. 55(b)(2); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984).

19. Defendant Dratel, having failed to answer, move, or otherwise appear, after having been served, is in default.

20. Moreover, because Defendant Dratel has, by defaulting, failed to proffer any defense, he is deemed to have admitted liability, but the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation. *Flaks v. Koegel*, 504 F.2d 702 (2d. Cir. 1974), *citing Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69-70 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973).

21. Thus, Plaintiff's allegations regarding Defendant Dratel's violations of the Fair Credit Reporting Act and Credit Repair Organizations Act, deceptive acts and practices, and fraudulent concealment and nondisclosure, are deemed admitted.

22. Plaintiff has brought four causes of action against Defendant Dratel: (1) breach of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.; (2) fraudulent concealment and nondisclosure; (3) breach of New York General Business Law § 349; and (4) breach of the Credit Repair Organizations Act, 15 U.S.C. § 1679, *et seq*.

23. First, Plaintiff alleges that Defendant Dratel violated the Fair Credit Reporting Act by falsely using or obtaining Plaintiff's consumer credit reports without a statutorily permissible purpose.

24. Second, Plaintiff alleges that Defendant Dratel, by and through its acts, omissions, concealments, and misrepresentations, fraudulently concealed from, and did not disclose to,

4

Plaintiff the forged Loan and Home Improvement Contract and right to cancellation to which Plaintiff was legally entitled.

25. Third, Plaintiff alleges that Defendant Dratel willfully and knowingly violated N.Y. Gen. Bus. Law § 349 by forging Plaintiff's signature on the solar panel loan and home improvement contract, and concealing these contracts from Plaintiff by sending them to a fabricated email address.

70. Fourth, Plaintiff alleges that Defendant Dratel violated the Credit Repair Organizations Act by making misleading statements about Plaintiff's credit capacity and by including a "straw-buyer" on Plaintiff's contracts.

26. As noted above, given the appearances of defendants Solar Mosaic, LLC and NYS Essential Power, Inc., and the fact that this action is still in its early stages and discovery has not yet been taken, an inquest or trial into damages would be premature at this time. "In cases where non-defaulting defendants remain in the case, courts generally decline to award damages as premature and postpone the damages inquest until the case has been fully litigated against the remaining parties." *Gesualdi v. Eagle Insulation Distribs. Supply Inc*., No. 22-03790, 2025 U.S. Dist. LEXIS 16223 (E.D.N.Y. Jan. 29, 2025).

27. The appearance of defendants Solar Mosaic, LLC and NYS Essential Power, Inc. should not bar this Court from entering a default judgment on liability against Defendant Dratel. There is no just reason for delaying entry of a default on liability. Fed. R. Civ. P. 54(b).

28. A Proposed Default Judgment is attached hereto. It does not include proposed damages and interest calculations because these are to be determined at a later date following an inquest or trial.

**Proposed Statement of Damages**

29.     Per Your Honor's Individual Rules and Practices, here is a proposed statement of damages against Defendant Matthew Dratel.:

   i. Treble Damages under New York General Business Law: to be determined at hearing, inquest, or trial;

   ii. Actual Damages under all causes of action: to be determined at hearing, inquest, or trial;

   iii. Punitive Damages under the GBL, Credit Repair Organizations Act, Fair Credit Reporting Act, fraudulent concealment: to be determined at hearing, inquest, or trial.

   iv. Injunctive Relief under the Truth in Lending Act, GBL, and fraud: to be determined by the judge; and

   v. Interest Calculations: to be determined after hearing, inquest, or trial;

   vi. Attorney fees and costs under the FRCA, TILA, CROA, and GBL: to be determined after hearing, inquest, or trial.

30.     For the above reasons, Plaintiff respectfully requests that the District Court enter a judgment in the proposed form accompanying this declaration and coordinate any hearings, inquest, or trial with the trial of the answering defendants.

Dated: June 6, 2025

*/s/ Brian L. Bromberg*
BRIAN L. BROMBERG