# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENNIE SOMAR,<br><br>      Plaintiff,<br>vs.<br><br>SOLAR MOSAIC, LLC,<br><br>and<br><br>NYS ESSENTIAL POWER, INC.,<br><br>and<br><br>MATTHEW DRATEL,<br><br>      Defendants. | NO. 24-CV-8637 (VEC)<br><br>**FIRST AMENDED COMPLAINT** |

## I. INTRODUCTION

1. This is a consumer protection action for damages under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; Credit Repair Organizations Act, 15 U.S.C. §1679 *et seq.* and state law.

2. Defendants are in the business of soliciting consumers for the purchase of solar panels and/or installing solar panels on consumers' homes. Defendants' sales agents solicit consumers at their homes to enter lengthy loans and other contracts using electronic tablets such as iPads.

3. Applicable law requires that Defendants provide consumers a copy of the contract documents at the time of signing. The law also affords consumers the right to cancel the contract within three business days of receiving the contract.

4.      The Plaintiff's signature and initials were forged on various solar contract documents, including a Loan Contract. Defendants even placed the name of a total stranger on the documents to act as some sort of "straw buyer." Defendants were able to conceal the straw buyer and the fraudulent contract from Plaintiff by fabricating and/or falsifying Plaintiff's email address and signing the documents electronically, without his involvement, knowledge or consent.

5.      At the time of the forgery, Defendants did not provide written disclosures regarding the existence of a loan, the annual percentage rate, the finance charge, or the amount financed.

6.      Soon after Plaintiff Mr. Somar learned of the existence of a loan and other contract documents forged in his name, he expressed his desire to cancel the fraudulent transaction, but Defendants refused to honor his notice of cancellation.

7.      Plaintiff accordingly brings this action for damages, rescission, and other relief.

## II.   JURISDICTION

8.      Jurisdiction arises under 28 U.S.C. § 1331.

9.      Jurisdiction over the state law claims arises under 28 U.S.C. § 1367(a).

10.     Venue is proper because the offending conduct took place in this district.

## III.  PARTIES

11.     Plaintiff Rennie Somar in a consumer who resides in Bronx, NY.

12. Defendant SOLAR MOSAIC, LLC ("SOLAR MOSAIC") is a California limited liability corporation with a principal office at 601 12th Street, Suite 325, Oakland, CA 94607.

13. SOLAR MOSAIC is in the business of offering consumers loans for residential solar panels.

14. Defendant NYS ESSENTIAL POWER, LLC ("ESSENTIAL"), is a New York domestic business corporation with an address of 333 Smith Road, Shirly, NY 11967.

15. ESSENTIAL is in the business of marketing, selling, designing, constructing, installing, and servicing photovoltaic and/or solar energy systems on residential properties.

16. Defendant MATTHEW DRATEL is an individual, who, upon information and belief, lives at 305 Branch Ave, Freeport, NY 11520.

17. Defendant MATTHEW DRATEL is or was a salesperson working for, with, and on behalf of defendants SOLAR MOSAIC and ESSENTIAL.

18. SOLAR MOSAIC is a financing company that partners with installers and sales companies like ESSENTIAL to provide financing for solar panels and other solar products.

19. Defendants rely on sales agents to obtain accurate information about and from the customer during the sale process.

20. At all times relevant, Defendants retained the right to control the conduct of the sales agents, including the manner of presentation, the products offered, and the terms and conditions of such products.

21. At all times relevant, Defendants acted on behalf of and for the benefit of the other Defendants.

22. Defendants have ratified, approved of, and assumed responsibility for the conduct of the other Defendants and their agents.

23. Defendants financially benefit from their symbiotic relationship.

## IV.   STATEMENT OF CLAIM

### *Defendants Forge the Contract and Refuse to Honor Plaintiff's Notice of Cancellation*

25. In September 2023, Plaintiff Rennie Somar, was solicited by a salesperson at his home in Bronx, NY.

26. On information and belief, the salesman, Defendant Matthew Dratel, was employed by and/or acting as an agent of all the Defendants.

27. Defendants told Mr. Somar that he could put him into a program to help him save on his electric bills.

28. The salesman said he would need to obtain Mr. Somar's credit report.

29. Mr. Somar told the salesman Dratel his credit "may or may not be approved."

30. Undeterred, Defendants' salesman Dratel found the name of a total stranger which he used as a "straw buyer" to qualify the otherwise unqualified Mr. Somar for an expensive system he could not afford.

31. Unbeknownst to Mr. Somar, Defendants' salesman added the name "Patrice Preval" to the contracts without Plaintiff's knowledge or consent.

32. Plaintiff, Mr. Somar, does not know any "Patrice Preval," did not sign any document bearing her name, and did not approve of this person being associated with his home.

33. Mr. Somar did not provide authorization for his credit report to be obtained under these circumstances, and Defendants pulled his credit reports without a permissible purpose and upon false pretenses.

34. The Defendants' salesman showed Plaintiff an iPad screen with a cost of $35,000.00 at 2.9% APR, for $140.00 per month, as well as a picture of solar panels on his house.

35. Based on the salesman's representations, Mr. Somar signed on the salesman's tablet device with his finger where the salesman pointed. Plaintiff was not provided, nor given the opportunity to review, any paperwork or documents, paper or electronic.

36. Upon information and belief, Defendants' salesman set up a fake email account for Mr. Somar, and unbeknownst to Mr. Somar, caused MOSAIC to email Mr. Somar loan documents to the newly created fake email account.

37. Upon information and belief, having set up a fake email account for Mr. Somar to which MOSAIC sent loan documents for the solar panel installation, Defendants' salesman signed those MOSAIC loan documents on behalf of Mr. Somar through Docusign.

38. These fraudulent loan documents which were never shown to Mr. Somar contained – in addition to the name of the straw buyer Patrice Preval – much different and more expensive terms: **a loan with a total of payments of $196,457.85 at 10.84% APR, for $663.42 per month.**

39. Defendants did not provide a copy of any contract or other paperwork to Plaintiff, including notice of right to cancel. Defendants eventually caused solar panels to be installed on Plaintiff's home, even though no contract was provided to Plaintiff or signed by Plaintiff.

40. Upon learning of the fraudulent Loan Contract, Plaintiff attempted to cancel the forged and hidden Loan Contract.

41. Despite receiving this notice of cancellation, Defendants did not cancel the contract.

42. Defendants continue to deem Plaintiff bound by the forged contracts and the payment terms therein and have made demands for payment.

## *Defendants' Pattern and Practice of Fraudulent and Deceptive Conduct*

43. Defendants, as a pattern and practice, regularly engage in forgeries and other fraudulent and deceptive conduct or enable and condone such conduct.

44. SOLAR MOSAIC is a repeat offender, and the other Defendants knew or should have known this, but nonetheless continued their business relationships with SOLAR MOSAIC.

45. Upon information and belief, hundreds of other complaints have been filed against SOLAR MOSAIC alleging scams involving fraudulent contracts, hidden

6

contracts, and the use of fake email addresses by salesmen to facilitate the scams. In one action in federal court in Florida, it was disclosed that dozens of consumers lodged such complaints with SOLAR MOSAIC.

46. Consumers across the country have complained that sales agents have engaged in forgeries or other fraudulent or deceptive conduct to put unknowing consumers into SOLAR MOSAIC contracts.

47. Some of these irate consumers have complained to organizations like the Better Business Bureau, or to state attorneys general.

48. Indeed, in 2023, the Attorneys General of Tennessee and Kentucky have sued Solar Mosaic for, *inter alia*, "committing all unfair, deceptive, and abusive practices when offering and providing loans" to customers for the purchase and installation of solar systems, and for failing to honor requests to cancel.

49. Nonetheless, these complaints have not stopped SOLAR MOSAIC from continuing with the same systemic course of conduct of deceiving and defrauding consumers. Nor have they stopped the other Defendants from continuing to associate and/or partner with SOLAR MOSAIC, as Defendants continue to profit from their coordinated conduct.

50. Despite ample notice of serious problems with their corporate processes and operations, Defendants continued to allow and enable their sales agents to engage in forgeries and other fraudulent or deceptive conduct.

*Damage from Defendants' Fraudulent Conduct*

51. As a result of Defendants' willful, wanton, reckless, and/or negligent actions, Plaintiff has been damaged.

52. The Plaintiff's home is burdened with overly expensive solar panels. Upon information and belief, Defendants placed a lien on the home.

53. Defendants' willful, wanton, reckless, and/or negligent conduct has resulted in Plaintiff being fraudulently duped into contracts he never saw, burdened with solar panels under terms he never agreed to, and subjected to wrongful demands for payment pursuant to these forgeries. Moreover, Plaintiff has suffered mental and emotional distress, worry, and aggravation as a result of Defendants' actions.

COUNT I
TRUTH IN LENDING ACT
(Against SOLAR MOSAIC)

54. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

55. The Truth in Lending Act mandates that lenders disclose certain "costs of credit" associated with the transaction at the time of consummation of the transaction.

56. Accurate disclosure of the "amount financed," the "finance charge," and the "Annual Percentage Rate" (APR) is necessary in order for consumers to be able to make meaningful comparisons of credit alternatives, and are mandatory disclosures. 15 U.S.C. § 1638.

57. Terms such as "amount financed," "finance charge," and "annual percentage rate" must be used, as well as a "descriptive explanation" of each of these terms. 15 U.S.C. § 1638(a).

58. The TILA mandates that these disclosures be written in a manner that is accurate, clear and conspicuous. *See* 15 U.S.C. §§ 1632(a), 1638(a)(2)–(5); Reg. Z, §1026.17(a).

59. Defendant did not provide the mandatory disclosures at the consummation of the fraudulent transaction and thus did not comply with the requirements of the TILA.

WHEREFORE, Plaintiff demands judgment against Defendants for:

  a. Actual damages;

  b. Statutory damages;

  c. Equitable relief in the form of cancellation or rescission of the subject contracts;

  d. Reasonable attorneys' fees and costs;

  e. Interest; and

  f. Any other relief the Court deems just and proper.

<u>COUNT II</u>
<u>New York Gen. Bus. Law § 349</u>
<u>(Against All DEFENDANTS)</u>

60. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

9

61. Defendants' sales and sales practices are subject to the New York Gen. Bus. Law § 349.

62. Under New York General Business Law ("GBL") § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

63. Each of the deceptive acts and practices set forth herein constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

64. To wit, wholly apart from any other violations of law recounted in this Complaint, the Defendants' acts and practices on behalf of themselves constitute violations of NYGBL § 349, which makes deceptive acts in the conduct of business, trade, commerce or the furnishing of a service in this state, unlawful, independent of whether these acts and practices constitute violations of any other law.

65. These deceptive acts and practices were committed in conduct of business, trade, commerce or the furnishing of a service in this state.

66. Each of these actions was consumer-oriented and involves misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are the types that could easily recur, could potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

67. These false and deceptive consumer-oriented actions misrepresent the actual rights and obligations of consumers.

68. Indeed, far from a "one-shot transaction," Defendants engage in the allegedly unlawful conduct on a routine basis with a large number of consumers using standardized policies, procedures, electronic devices and applications, and form-boilerplate communications.

69. Defendants' misconduct as set forth above is thus part of a recurring policy and practice.

70. This misconduct includes, *inter alia*, inducing consumers to have solar panels installed through the use of "straw lawyers," forgery and fraud.

71. Defendants engaged in deceptive acts or practices in the conduct of their business, trade, or commerce, and in the furnishing of any service in New York, which includes but is not limited to:

   a. Employing policies and practices that enabled use of a straw lawyer, forgery and fraud with respect to the Loan and Home Improvement Contract;

   b. Forging Plaintiff's signatures and initials on the Loan and Home Improvement Contract;

   c. Concealing the Loan and Home Improvement Contract from Plaintiff until after the panels were installed;

   d. Using fraudulent, deceptive, and misleading statements with the purpose and effect of inducing Plaintiff to agree to the installation of the solar panel system; and,

   e. Refusing to honor Plaintiff's notice of cancellation.

72. Defendants' conduct stated herein violates the New York Gen. Bus. Law § 349.

73. Defendants' egregious acts justify the imposition of punitive damages.

74. As a result of Defendants' violations of the New York Gen. Bus. Law § 349, Plaintiff has suffered damages, which include the purported contractual obligations under the Loan and Home Improvement Contract, which total an excess of **$196,000.00**, harm to Plaintiff's credit, and the costs associated with removing the solar panels from the roof of the house (including any necessary repairs).

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

a. Actual damages;

b. Treble damages;

c. Punitive damages;

d. Equitable relief requiring Defendants to remove the solar panels and repair any damage to the Bronx, NY residence;

e. Equitable relief voiding the Loan and Home Improvement Contract and enjoining Defendants from enforcing those contracts.

f. Reasonable attorneys' fees and costs;

g. Interest; and

h. Any other relief the Court deems just and proper.

## COUNT III
### N.Y. Gen. Bus. Law § 770, *et seq.*
### (Against NYS ESSSENTIAL POWER, INC.)

75. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

76. ESSENTIAL is a corporation that operates a home improvement business, and that offers to undertake or agrees to perform any home improvement for a fee and for which the total cash price of all of ESSENTIAL's home improvement contracts has exceeded $1,500 during a period of twelve consecutive months.

77. ESSENTIAL is a home improvement contractor as defined under New York Gen. Bus. Law § 770.

78. New York Gen. Bus. Law § 771-a provides: "No home improvement contractor shall engage in any activity, transaction, or course of business or pay or receive any fee, payment, money, or other thing of value in connection with the financing of a home improvement contract without fully disclosing such activity, transaction, or course of business and any fees, payment, or other thing of value paid or to be paid in connection therewith, and without having obtained the agreement in writing from all parties to the transaction to such activity and the payment therefor."

79. ESSENTIAL did not obtain any written agreement from Plaintiff before installing the solar panel system.

80. ESSENTIAL did not obtain any written agreement from Plaintiff before it received payment for its role in installing the panels.

13

81. A home improvement contract must contain a notice to the owner of their right to "cancel the home improvement contract until midnight of the third business day after the day on which the owner has signed an agreement or offer to purchase relating to such contract." New York Gen. Bus. Law § 771(h).

82. "Cancellation occurs when written notice of cancellation is given to the home improvement contractor." New York Gen. Bus. Law § 771(h).

83. Plaintiff never signed the Loan and Home Improvement Contract. However, when Plaintiff sent Defendants notice of cancellation requesting that Defendants terminate the contracts, Defendants refused to honor the notice of cancellation.

84. Defendants continue to deem Plaintiff bound by the forged Loan and Home Improvement Contract.

85. ESSENTIAL made false and fraudulent representations with the purpose and effect of inducing Plaintiff to agree to the installation of the solar panel system.

86. Plaintiff relied on the sales agent's false and fraudulent representations in agreeing to proceed with the installation of the solar panel system.

87. As a result of Defendants' action and/or inaction, Plaintiff has suffered damages, which include the purported contractual obligations under the Loan and Home Improvement Contract, which total to an excess of **$196,000.00**, harm to Plaintiff's credit, and the costs associated with removing the solar panels from the roof of the house (including any necessary repairs).

WHEREFORE, Plaintiff demands judgment against Defendants for:

      a. Actual damages;

      b. Statutory damages;

      c. Equitable relief requiring Defendants to remove the solar panels and repair any damage to the Bronx, NY residence;

      d. Equitable relief voiding the Loan and Home Improvement Contract and enjoining Defendants from enforcing those contracts.

      e. Reasonable attorneys' fees and costs;

      f. Interest; and

      g. Any other relief the Court deems just and proper.

## COUNT IV
### Fraudulent Concealment/Nondisclosure
### (Against All DEFENDANTS)

88. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

89. Defendants had a legal obligation to disclose the forged Loan and Home Improvement Contract to Plaintiff, which included many material terms and conditions that differed from the terms discussed between Plaintiff and Defendants' sales agent.

90. Defendants intentionally concealed and did not disclose the forged Loan and Home Improvement Contract to Plaintiff until after the solar panels were installed on his home.

91. As a result of Defendants' intentional concealment and nondisclosure, Plaintiff suffered emotional distress, worry, aggravation, and stress, and

15

Defendants deem Plaintiff obligated under the Loan and Home Improvement Contract.

92. Defendants' concealment and nondisclosure was willful, malicious, wanton, intentional, and reckless.

WHEREFORE, Plaintiff demands judgment against Defendants for:

a. Actual damages;

b. Punitive damages;

c. Declaratory judgment that the contract involved herein is void, canceled, and unenforceable;

d. Equitable relief requiring Defendants to remove the solar panels and repair any damage to Plaintiff's property;

e. Interest; and

f. Any other relief the Court deems just and proper.

<u>COUNT V</u>
<u>Credit Repair Organizations Act</u>
<u>(Against NYS ESSSENTIAL POWER, INC. and DRATEL)</u>

93. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

94. The federal Credit Repair Organization Act ("CROA"), 15 U.S.C. § 1679, prohibits any person from making any statement, or to counsel or advise a consumer to make any statement, which is untrue or misleading (or which should be known to be untrue or misleading) with respect to a consumer's credit worthiness, credit standing or credit capacity to any person who has extended credit

to the consumer or to whom the consumer had applied or is applying for an extension of credit.

95. Defendants made false and/or misleading statements and representations about Plaintiff's credit capacity in violation of CROA, 15 U.S.C. § 1679b, including that there was a co-buyer on the subject transaction when there was not.

96. The false representations surrounding the straw-buyer Preval enabled, in part, the financing from Solar Mosaic.

97. As a result of Defendants' conduct and its violations of CROA, Plaintiff has been damaged.

98. Plaintiff has suffered credit harm, mental anguish, emotional distress, aggravation, and humiliation as a result of Defendants' conduct.

WHEREFORE, Plaintiff demands judgment against Defendants for:

a. Actual damages;

b. Punitive damages;

c. Attorney's fees and costs; and

d. Such other further relief as this Court deems just and appropriate.

## COUNT VI
### Fair Credit Reporting Act
### (Against All DEFENDANTS)

99. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

100. Defendants violated the Fair Credit Reporting Act by willfully and/or negligently using or obtaining the Plaintiff's consumer credit reports without a statutorily permissible purpose. 15 U.S.C. § 1681b, 1681n and §1681o.

101. Defendants violated the Fair Credit Reporting Act by knowingly and willfully obtaining information on a consumer from a consumer reporting agency under false pretenses. 15 U.S.C. § 1681q, 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment against Defendants for:

a. Actual damages;

b. Punitive damages;

c. Statutory damages;

d. An Order requiring return of Plaintiff's confidential consumer report and destruction of any copies;

e. Attorney's fees and costs; and

f. Such other further relief as this Court deems just and appropriate.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated:    March 7, 2024

/s/ *Brian L. Bromberg*
Brian L. Bromberg
One of Plaintiff's Attorneys

Attorneys for Plaintiff

Brian L. Bromberg
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, NY 11225

18

Tel: (212) 248-7906
Fax: (212) 248-7908
Email: brian@bromberglawoffice.com

Andrew M. Milz (admitted *pro hac vice*)
Flitter Milz, P.C.
450 N. Narberth Ave, Suite 101
Narberth PA 19072
Tel: (610) 668-0018
Fax: (610) 667-0552
Email: amilz@consumerslaw.com