```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/27/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
RENNIE SOMAR,                                                 :
                                                              :
                                    Plaintiff,                :
                    -against-                                 :
                                                              :     24-CV-8637 (VEC)
SOLAR MOSAIC, LLC, NYS ESSENTIAL                              :
POWER INC. & MATTHEW DRATEL,                                  :     ORDER
                                                              :
                                    Defendants.               :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on June 10, 2025, Defendant Solar Mosaic LLC ("Solar Mosaic") informed the Court that it had filed a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. §§ 101–1330, with the United States Bankruptcy Court for the Southern District of Texas, No. 25-90155, to be jointly administered under *In re Mosaic Sustainable Finance Corporation*, No. 25-90156;

WHEREAS section 362(a)(1) of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay" of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor," 11 U.S. C. § 362(a)(1);

WHEREAS the Court ordered Plaintiff to file a letter indicating whether he opposes extending the automatic stay to the remaining Defendants in the case, *see* Dkt. 53;

WHEREAS on June 18, 2025, Plaintiff filed a letter opposing the extension of the stay to the remaining Defendants because he has direct claims for liability and damages against the non-debtor defendants that are separate from claims he asserted against Solar Mosaic, *see* Dkt. 54;

WHEREAS Plaintiff argued that automatic stays under section 362 apply only to the debtor and that the non-debtor defendants cannot meet the limited exception to show that "a claim against

the non-debtor will have an immediate adverse economic consequence for the debtor's estate," *id.* citing *Stih v. Rockaway Farmers Mkt., Inc.*, 656 B.R. 308, 312 (E.D.N.Y. 2024);

WHEREAS the Court ordered Defendants NYS Essential Power Inc. ("NYS Power") and Matthew Dratel to state whether claims again them will have an immediate adverse economic consequence for Solar Mosaic, *see* Dkt. 55;

WHEREAS Dratel is in default and has not appeared in the litigation;

WHEREAS NYS Power filed a letter stating that an extension of the stay to the non-debtor defendants is warranted, as the claims and cross claims between Solar Mosaic, NYS Power, and Dratel are intertwined, *see* Dkt. 56;

WHEREAS NYS Power stated that "Solar Mosaic has cross claims against NYS [Power], and if NYS [Power] is required to litigate this case, and then litigate the cross claims once the stay is lifted, [it] will be required to essentially litigate the same issues twice," *id.*;

WHEREAS NYS Power's assertion that Solar Mosaic has cross claims against NYS Power is factually inaccurate; NYS Power asserted cross claims against Dratel in its answer, *see* Answer, Dkt. 37, however, Solar Mosaic did not assert any cross claims in its Answer, *see* Answer, Dkt. 39;

WHEREAS the Amended Complaint alleges that Solar Mosaic provided a loan to Plaintiff for solar panels; NYS Power installed the solar panels; Dratel was the salesperson working on behalf of Solar Mosaic and NYS Power, *see* Am. Compl., Dkt. 32; and

WHEREAS Plaintiff brings count one against Solar Mosaic under the Truth in Lending Act, count two against all defendants under New York's General Business Law § 349, count three against NYS Power under New York's General Business Law § 770, count four against all defendants for fraudulent concealment, count five against NYS Power and Dratel under the Credit Repair Organization Act, and count six against all defendants under the Fair Credit Reporting Act, *id*.

IT IS HEREBY ORDERED that the stay in this case is only as to Solar Mosaic and does not extend to NYS Power and Dratel. Although section 362(a) typically applies only to actions against debtors, debtor's property, or estate property, the Second Circuit has held that "the automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also In re Residential Cap., LLC*, 529 F. App'x 69, 70–71 (2d Cir. 2013). Examples of immediate adverse impacts include: (1) "a claim to establish an obligation of which the debtor is a guarantor"; (2) "a claim against the debtor's insurer"; and (3) "actions where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant.' " *Queenie*, 321 F.3d at 288–89. The latter category applies to situations where "a judgment against the third party defendant will in effect be a judgment or finding against the debtor," including "a suit against a third party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *In re Lomas Fin. Corp.*, 117 B.R. 64, 68 (S.D.N.Y. 1990).

Although the claims alleged in the Amended Complaint involve facts that bear on conduct of all Defendants, Plaintiff brings five claims against NYS Power, two of which are not brought against Solar Mosaic. The burden is on "the party seeking extension of the stay [to] put forth real evidence demonstrating an actual impact upon, or threat to, the reorganization efforts if the stay is not extended," *Hong v. Mommy's Jamaican Market Corp.*, 2023 WL 3568807, at *1 (S.D.N.Y. May 18, 2023). Without "evidence which demonstrates any impact upon the debtor's reorganization effort, the stay cannot be extended to a solvent co-defendant." *Gray v. Hirsch*, 230 B.R. 239 (S.D.N.Y. 1999). NYS Power has not met its burden nor even given an explanation why proceeding with this case would affect Solar Mosaic's reorganization. Accordingly, the case against NYS Power and Dratel will proceed with discovery.

3

The Initial Pretrial Conference ("IPTC") will be held on **August 15, 2025, at 10:00 A.M.** in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007.  The parties' joint letter and proposed case management plan must be filed by no later than **August 7, 2025**.  For a list of the required contents of the letter, the parties are directed to the Notice of Initial Pretrial Conference at Dkt. 7.

**SO ORDERED.**

Date:  **June 27, 2025**
         New York, New York

_____
VALERIE CAPRONI
United States District Judge