IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENNIE SOMAR<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SOLAR MOSAIC, LLC, NYS ESSENTIAL POWER, INC., and MATTHEW DRATEL,<br><br>　　　　　　Defendants. | No. 1:24-cv-08637 VEC |

**PLAINTIFF'S ANSWER TO DEFENDANT NYS ESSENTIAL POWER, INC.'S COUNTERCLAIMS**

Plaintiff Rennie Somar hereby sets forth his answer to Defendant NYS Essential Power's counterclaims and states as follows:

1. Denied that NYS Essential Power provides "expert" services. Otherwise, the remainder of this averment is admitted.

2. Denied. That is not Plaintiff's address; Plaintiff lives in the Bronx. The discussion with Dratel happened in September 2023.

3. Denied. Plaintiff incorporates his First Amended Complaint at Paragraphs 34-42.

4. Denied as a conclusion of law to which no response is required. Dratel was the only person representing NYS Essental and Solar Mosaic (collectively, "Defendants") and was the agent of both companies.

5. Denied. There was no agreement. A forgery is void *ab initio*. Plaintiff incorporates his First Amended Complaint at Paragraphs 34-42.

6. Denied. Upon information and belief, Defendants had knowledge that Dratel was forging signatures and hiding contracts but allowed this conduct by their agent to continue.

7. Denied as a compound statement. After reasonable investigation, plaintiff cannot admit or deny if the services were done properly or whether and in what amount of a commission was paid.

8. After reasonable investigation, plaintiff cannot admit or deny if the services were done properly. Admitted that panels were installed.

9. Denied. Plaintiff complained directly to Solar Mosaic, NYS Essential, as well as the NY Attorney General and other authorities.

10. Denied as a conclusion of law to which no response is required.

11. Admitted that Plaintiff received statements from Solar Mosaic related to the forged and hidden loan. To the extent not admitted, the rest is denied.

12. After reasonable investigation, plaintiff can neither admit or deny.

13. Denied. Plaintiff incorporates his First Amended Complaint at Paragraphs 34-42.

14. It is admitted that plaintiff commenced his lawsuit on November 13, 2024. To the extent not admitted, this averment is denied.

15. Admitted upon information and belief.

16. Denied. The Solar Mosaic loan fraudulently taken out in plaintiff's name paid counterclaim plaintiff NYS Essential tens of thousands of dollars for the installation of the panels. The house Plaintiff owns is burdened by a solar panel system procured by fraud.

17. Denied as a legal conclusion to which no response is required.

18. Denied. Defendant is left to its proofs.

19. Denied as a legal conclusion to which no response is required.

20. Denied as a legal conclusion to which no response is required.

21. Denied. Plaintiff is the victim of Defendant's fraud. See First Amended Complaint.

22. Denied as a legal conclusion to which no response is required.

23. Denied as a legal conclusion to which no response is required.

24. No response is necessary.

25. Denied. Despite its fraud, Defendant got paid by Solar Mosaic. Plaintiff is left to its proofs.

26. Denied. Despite its fraud, Defendant got paid by Solar Mosaic. Plaintiff is left to its proofs.

27. No answer is required.

28. Denied as a legal conclusion to which no response is required.

29. Denied. Despite its fraud, Defendant got paid by Solar Mosaic. Defendant is left to its proofs.

30. Denied as a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

1. Forgery.

2. Fraud in the execution.

3. Fraud in the inducement.

4. Statute of frauds.

5. Non-compliance with electronic signature requirements of e-SIGN and ESRA.

6. Unclean hands.

7. Equitable estoppel.

8. Laches.

9. Recovery barred by violation of consumer protection laws.

10. Violations of the Truth in Lending Act.

11. Violations of the Fair Debt Collection Practices Act.

12. Refusal to honor Mr. Somar's notice of cancellation.

13. Failure to join indispensable parties, namely, Patrice Preval.

| | |
|---|---|
| Date: <u>January 29, 2026</u> | */s/ Andrew M. Milz* <br> CARY L. FLITTER <br> ANDREW M. MILZ <br> JODY T. LÓPEZ-JACOBS <br> EDWARD M. FLITTER <br> **FLITTER MILZ, P.C.** <br> 450 N. Narberth Ave, Suite 101 <br> Narberth PA 19072 <br> Tel: (610) 668-0018 <br> Fax: (610) 667-0552 <br> cflitter@consumerlsaw.com <br> amilz@consumerslaw.com <br> jlopez-jacobs@consumerslaw.com <br> eflitter@consumerslaw.com <br><br> Brian L. Bromberg <br> Bromberg Law Office, P.C. <br> 99 Main Street <br> Nyack, NY 10960 <br> Tel: (212) 248.7906 <br> Fax: (212) 248.7908 <br> brian@bromberglawoffice.com <br><br> *Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I certify that on this day, a copy of the foregoing was sent to the following counsel of record via ECF filing:

**SCHWARTZ ETTENGER, PLLC**
Jeffrey S. Ettenger
445 Broad Hollow Road, Suite 205
Melville, NY 11747
Phone: (631) 777-2401
Fax: (631) 777-2402
jse@selawny.com
*Attorneys for Defendant NYS Essential Power, Inc.*

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Robert J. Guite
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
Phone: (415) 774-3176
Fax: (415) 403-6014
rguite@sheppardmullin.com

Meghan Stuer
Sophia Louise Cahill
30 Rockefeller Plaza
New York, NY 10112
mstuer@sheppardmullin.com
Scahill@sheppardmullin.com

*Attorneys for Defendant Solar Mosaic LLC*

Date: January 29, 2026

*/s/ Andrew M. Milz*
CARY L. FLITTER
ANDREW M. MILZ
JODY T. LÓPEZ-JACOBS
EDWARD M. FLITTER
**FLITTER MILZ, P.C.**
450 N. Narberth Ave, Suite 101
Narberth PA 19072
Tel: (610) 668-0018
Fax: (610) 667-0552
cflitter@consumerlsaw.com
amilz@consumerslaw.com
jlopez-jacobs@consumerslaw.com
eflitter@consumerslaw.com
*Attorneys for Plaintiff*